1  OKEEFE & ASSOCIATES
2  LAW CORPORATION, P.C.
   Sean A. OKeefe. (State Bar No. 122417)
3  660 Newport Center Drive, Ste. 400
4  Newport Beach, California 92660
   Telephone:  949-720-4165
5  Facsimile:   949-720-4111
   Email: sokeefe@okeefelc.com
6

7  Attorneys for plaintiffs
   Don Lowry and Erica Echols Lowry
8

9
10 **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
11 **Western Division**

12

| | |
|---|---|
| 13  DON LOWRY and ERICA ECHOLS LOWRY, | **Case No. CV08-02120 RGK (SSx)** |
| 15       Plaintiffs, | **JUDGMENT DISMISSING CASE WITH PREJUDICE PURSUANT TO SETTLEMENT** |
| 17    v. | |
| 18 TRUE COLORS INTERNATIONAL, INC., a Nevada corporation; TRUE COLORS, INC., a California corporation, IAIN SAUL, MITCHELL MONDO, DOUGLAS MONDO, GREGORY MYERS and CANDICE CAMPBELL | |
| 23       Defendants. | |

1     WHEREAS on November 17, 2008, the plaintiffs, Don Lowry and Erica Echols Lowry (the "Plaintiffs"), and the defendants, True Colors, Inc. ("TCC"), True Colors International, Iain Saul, Candice Campbell, Douglas Mondo, Mitchell Mondo, and Gregory Myers (collectively the "Defendants") appeared before the Judge Suzanne H. Segal and participated in a settlement conference (the "Settlement Conference") (Transcript P. 4-5);

    WHEREAS all parties were represented by counsel at the Settlement Conference (Transcript P. 4-5);

    WHEREAS at the conclusion of the Settlement Conference a settlement agreement (the "Settlement") was reached by and among the Plaintiffs, related party Loose Leaf Systems, Inc. (controlled by Plaintiff Don Lowry)("ESI"), and the Defendants (Transcript P. 6, Lines 7-14; P. 9, Lines 3-4; P. 17, Lines 8-17; P. 22 - 24);

    WHEREAS all material and essential terms of the Settlement were read into the record by the Court at the conclusion of the Settlement Conference, with the intent of creating a complete, binding and enforceable Settlement (Id.);

    WHEREAS the Plaintiffs, ESI and the Defendants, individually, and through their counsel, stipulated on the record that a) all of the terms of the Settlement had been correctly recited by the Court; b) they understood those terms; and c) they were bound by the Settlement; and d) this case would be dismissed with prejudice on the basis of the Settlement (Transcript P. 17, Lines 8-17; P. 22 -24);

    WHEREAS a true and correct copy of the official transcription of the Settlement is attached hereto as Exhibit "A" (the "Transcript");

    WHEREAS this Court has reviewed the Transcript and confirmed that a complete, final and binding agreement was reached by and among the Plaintiffs, ESI and the Defendants, and consequently this case should be dismissed with prejudice as agreed;

    WHEREAS the Transcript and this Judgment shall incorporate and

1  implement the Settlement, without any additional documentation, and any future
2  interpretative disputes relating to the Settlement shall be resolved through arbitration
3  before Judicial Arbitration And Mediation Services of Orange County (JAMS), as
4  provided for in the Settlement (Transcript P. 15, Line 13-16).
5       Based upon the foregoing, it is hereby ORDERED that upon the entry of this
6  Judgment:
7       A)   The Plaintiffs and ESI will be deemed to have released any and
8  all claims of any kind against the Defendants, other than the obligations in the
9  Settlement. This release shall encompass both known and unknown claims, resulting
10 in a waiver of the provisions in California Civil Code Section 1542. (Transcript P.
11 12, Lines 5-8).
12      B)   The Defendants will be deemed to have released any and all
13 claims of any kind against the Plaintiffs and ESI, other than the obligations in the
14 Settlement. This release shall encompass both known and unknown claims, resulting
15 in a waiver of the provisions in California Civil Code Section 1542. (Transcript P.
16 12, Lines 5-8).
17      C)   True Colors, Inc. will pay the Plaintiffs the sum of one million
18 one hundred thousand dollars ($1,100,000) (the "Settlement Amount"), in
19 accordance with the following payment schedule:
20           1.   The sum of twenty-five thousand dollars ($25,000) shall be
21 paid upon the entry of this Judgment; and
22           2.   The sum of thirteen thousand dollars ($13,000) per month
23 shall be paid to the Plaintiffs on the fifteenth (15th) day of each month for eighty-two
24 (82) consecutive months. A final payment in the sum of nine thousand dollars
25 ($9,000) shall be paid in the eighty-third (83rd) month. The first such monthly
26 payment shall be due and payable on the fifteenth day (15th) of the first full month
27 after the entry of this Judgment, with each additional payment being due on the
28 fifteenth (15) day of each month thereafter.  Each such monthly payment shall be

made to Sean OKeefe Attorney/Client Trust Account.  Failure to pay in accordance with these terms shall constitute a breach of the Settlement, and if that breach is not cured within 5 days after receipt by the Defendants of written notice thereof, Plaintiffs shall be entitled to declare the entire then unpaid Settlement Amount then due and payable, and recover attorneys fees and costs. (Transcript P. 9, Lines 3-10).

D) The above obligations shall be secured by a lien against all assets of TCC (the "Collateral").  All TCC intellectual property shall remain vested in TCC and shall be subject to that lien until the Settlement Amount is paid. The Plaintiffs are authorized to file a UCC-1 with respect to that lien. (Transcript P. 9, Lines 11-15).  In the event of a breach of the Settlement which is not cured within 5 days after receipt by the Defendants of written notice thereof, Plaintiffs shall have all rights and remedies of a secured party in, to and against the Collateral specified by the State of California Commercial Code.

E) All stock held by the Plaintiffs and ESI in True Colors International is cancelled, and any surviving stock certificates reflecting such shares shall be returned to True Colors International. (Transcript P. 9, Lines 22-24; P. 10, Lines 1-18).

F) Plaintiffs Don Lowry's and Erica Echols Lowry right to use a shared interest in the "Brand Rights" shall be governed by Section 3.14.1 of the Stock Purchase Agreement originally entered into by and among LBC Global, Inc., True Colors, Inc. and the Plaintiffs Don Lowry and Erica Echols Lowry, which section specifies that the "Brand Rights" shall be owned and shared by TCC and True Colors Studios. However, such rights are amended, as provided in the Transcript, so that Don Lowry and Erica Echols Lowry shall personally hold the right to use the trade name "TRUE COLORS" and all trademarks registered or claimed by TCC (the "Brand). These trademarks include "TRUE COLORS", "TRUE COLORS UNIVERSITY", "READING COLORS", and a circular logo consisting of orange, gold, green, and blue colors.  The Lowrys may assign this

right to a corporation solely owned by Don Lowry and/or Erica Echols Lowry ("the Assignee Corporation"). However, the rights to the Brand shall remain non-assignable and cannot be licensed to any third parties by Don Lowry or Erica Echols Lowry or the Assignee Corporation. Further, Don Lowry or Erica Echols Lowry must own one hundred percent (100%) of the Assignee Corporation at all times, and the Lowrys and the Assignee Corporation cannot joint venture any right to the Brand with any third party. Upon the death of the last of the Lowrys all rights of the Lowrys and the Assignee Corporation to utilize the Brand shall terminate. TCC may extend these rights beyond the death of the last of the Lowrys, if it so desires. Any new products or intellectual property created by Don Lowry and/or Erica Echols Lowry – books, etcetera – can be copyrighted in their names, and those copyrights can be assigned.

G) Don Lowry's scripts for live performances shall remain his personal property. However, TCC may license for use, without payment of any royalty, in perpetuity, the following scripts that TCC is using: "Four Opening Monologues," "Meeting Scene," "Carpool," "Two Bathroom Sketches," "In The Best of Company," and "Together We're The Best."

Currently, TCC is utilizing portions of those scripts on its website for marketing purposes, which is permissible. However, such scripts may not be presented on television or the Internet and there shall be no DVD, video or Internet sales of these scripts.

H) All other provisions of the Settlement, not specifically referenced herein, shall be governed by the provisions in the Transcript and all parties shall comply with such terms; and

Draft 12
4/3/2009

1 | It is further ORDERED that this case is dismissed with prejudice without cost
2 | to any party.

3

4

5 | DATED: April 8, 2009

_____
United States District Court

Draft 12
4/3/2009